ELBRIDGE G. BOWDOIN *vs* LUTHER HOLLAND.

If a judge of probate is satisfied that a creditor of a deceased non-resident has reasonable grounds for an averment, that the debtor has fraudulently conveyed his real estate within this commonwealth, he ought to grant administration upon the estate of such person, in order that the question of fraud may be fully tried in a court of common law.

Administration may be granted in this state upon the estate situated here, of a person who died while residing in another state, although the will of the deceased has not yet been proved and allowed in the state of his domicil.

LUTHER HOLLAND, formerly of Belchertown, in the county of Hampshire, died in New York in 1851, leaving no property in this commonwealth, unless it was real estate in said Belchertown, which he had conveyed to his son, but which

2*

conveyance, Joseph Davenport, a creditor of said Holland, contended was fraudulent and void as to creditors. Said Davenport had an action pending in this commonwealth against said Holland, in which he had attached the same real estate. He therefore applied to the judge of probate for the county of Hampshire, to grant administration to E. G. Bowdoin, on said Holland's estate, the widow and next of kin having expressly declined the trust. But the judge of probate declined to make any appointment, and Bowdoin appealed to this court. The respondent, son of said deceased, opposed the application. The evidence was reported for the whole court.

*E. G. Bowdoin*, for himself.

*C. P. Huntington*, for the respondent.

BIGELOW, J. We think it sufficiently appears by the evidence taken before the judge of probate, that Luther Holland, the deceased, changed his domicil in October, 1849; that he then ceased to be an inhabitant of, or resident in Massachusetts, and had at the time of his death acquired a new domicil in the state of New York. The question then is, whether the appellant was entitled, under the circumstances of this case, to receive the appointment of administrator on the estate of said deceased, within this commonwealth, as prayed for in his petition to the judge of probate.

Two objections are mainly relied upon by the respondent, to defeat the application of the petitioner. The first is, that the deceased left no estate in this commonwealth to be administered; and, therefore, the court of probate had no power or authority to grant letters of administration upon his estate It is admitted by the appellant, and it is undoubtedly true, that if the deceased had, at the time of his death, neither domicil nor assets within the commonwealth, the judge of probate had no jurisdiction in the premises. Rev. Sts. *c.* 64, § 3, *c.* 83, § 5. To sustain his application, the appellant does not aver or contend that the deceased died seised and possessed of any real or personal estate, standing in his own name within the state. But he alleges that, previous to his death, he had fraudulently conveyed to his son real estate of great value, for the purpose of defrauding his creditors. If this allega-

Bowdoin *v.* Holland.

tion be true, then it is very clear that the judge of probate had jurisdiction; and if no other valid objection intervened, he was bound to grant letters of administration on the estate of the deceased. By Rev. Sts. *c.* 71, § 11, it is expressly enacted that the real estate of a person deceased, liable to be sold for the payment of his debts, shall include all that the deceased may have conveyed with intent to defraud his creditors. The effect of this provision is, that property, so conveyed, shall, for purposes of administration, be regarded in the same light as if at the time of the death of the grantor it had stood in his own name. In other words, to use the language of the statute, it is "estate to be administered within the state." Rev. Sts. *c.* 64, § 3.

The only question then to be determined upon this part of the case is, whether sufficient evidence of a fraudulent conveyance by the deceased, was offered to the judge of probate to warrant him in granting letters of administration to the petitioner. This involves a preliminary inquiry as to the amount of proof which ought to be required by the probate court in such cases. The object of the provision of the statute under consideration was remedial. Without it, creditors would in many cases be unable to prosecute suits to final judgment, or in any way to reach property which had been fraudulently conveyed by deceased debtors. To furnish creditors with an adequate remedy in such cases, the statute makes the court of probate the avenue through which they may be enabled to enter the courts of law, and there seek and obtain their legal remedy. But it was never intended that questions of this sort should be definitively settled in the probate court. They are to be tried, and finally determined in courts of law; all that is required of the court of probate is, that it shall determine whether a sufficient *primâ facie* case is made out to authorize the granting administration on an estate, in order to enable a creditor to enforce his legal remedy in another tribunal. If, therefore, sufficient is made to appear to the judge of probate, to satisfy him that a creditor has reasonable ground for an averment, that the real estate of his deceased debtor was fraudulently conveyed by him before his

decease, he ought in such case to decree that there was " estate to be administered within this state," and grant administration thereof accordingly.

Applying this rule to the present case, we are of opinion that there was sufficient evidence of such a conveyance offered to the judge of probate to authorize and require him to grant the prayer of the petition of the appellant. The deceased, pending the litigation between himself and Davenport of a large claim, conveyed all his property, real and personal, valued at $8,000, to his son; taking in payment therefor his son's note for $3,000 only, without any security, and allowing his son a large sum for services rendered upon the farm. This large allowance was made without any settlement or adjustment of accounts, being a mere estimate, without calculation of the actual amount due to the son. It seems to us that on these facts the creditor has shown a sufficient *primâ facie* case to sustain his averment; and that he ought to have opportunity of prosecuting his suit to final judgment, and if he prevails therein, of trying the question of a fraudulent conveyance in a court of law.

It was also objected that administration could not be now granted in this commonwealth, because the deceased had left a will which must first be proved in the place of his domicil, before administration could be taken out in the courts of this state. There are two answers to this objection. In the first place there is no competent proof in the case, nor was any offered to the judge of probate, that the deceased left a will, valid under the laws of New York or Massachusetts. All that appears on this point in the case is, the statement of Luther Holland, Jr., the son, that his father left a will which was in the hands of some person in New York. But nothing is shown from which it can be inferred that the will was duly executed or in any respect a valid instrument. The witness may have mistaken the character of the paper or misrepresented its purport. Such evidence is too vague and uncertain to form the basis of judicial action. Before administration is denied to a party duly asking for it in the courts of this state, on the ground that the deceased died testate, domiciled

in another state, it should be made to appear either by production of the will itself; by its probate in a foreign jurisdiction duly certified; or by other competent evidence, that the will was duly executed, and that it was in fact, by the law of the place of his domicil or by the laws of this commonwealth, a valid last will and testament.

But another answer to this objection is, that it is not an essential prerequisite to the granting of letters of administration in this state upon the estate of a person deceased, residing in another state, leaving a will, that the will should be first proved and allowed in the courts of the state where the deceased was domiciled. Such, doubtless, is the usual course, and it is the mode prescribed in Rev. Sts. c. 62, §§ 17–20. But it is not the only mode. If the will is never proved in the place of the testator's domicil, and is purposely withheld from probate, have creditors in this state no means of procuring administration on their deceased debtor's estate, and thereby reaching his property here? This point was substantially settled in *Stevens* v. *Gaylord*, 11 Mass. 256, 264. The court there say, that if it should happen that administration is never granted in the foreign state, the debts due here under such circumstances to a deceased person could never be collected, and the debts due from him to citizens of this state might remain unpaid.

In the case at bar, it does not appear that any steps have been taken to prove the will of the deceased in the state of New York, although at the time of the application for administration in this state, the deceased had been dead upwards of a year; but it does appear that Luther Holland, Jr., who testifies that he is named in said will as executor, declined to produce the will upon notice at the probate court, and expressly refused to take out administration on his father's estate.

It was suggested that Davenport, in whose behalf the appellant applied to be appointed administrator, was not, upon the facts reported, a creditor of the estate. If, under the provisions of Rev. Sts. c. 64, § 4, it is necessary where the widow or next of kin neglect or refuse to take administration upon the

estate of a deceased person, that application should be made therefor by a creditor, or by some one in his behalf, then we think, upon the facts stated in the present case, Davenport was such creditor within the meaning of the statute. *Stebbins* v. *Palmer*, 1 Pick. 78. Upon the whole case, we are of opinion that the court of probate erred in refusing the prayer of the petitioner, and that the appellant is well entitled to be appointed administrator on the estate of the deceased.

*Decree reversed.*